OPINION
Appellant Leroy Dupler appeals a judgment of the Stark County Common Pleas Court convicting him of breaking and entering (R.C. 2911.13) and receiving stolen property (R.C. 2913.51):
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS BY FINDING APPELLANT GUILTY OF BREAKING AND ENTERING AND RECEIVING STOLEN PROPERTY, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF THE CHARGED OFFENSE BEYOND A REASONABLE DOUBT.
 II. APPELLANT WAS DENIED A FAIR TRIAL IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS DUE TO THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 III. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANTS DUE PROCESS RIGHT TO A FUNDAMENTALLY FAIR PROCEDURE BY SUMMARILY OVERRULING APPELLANT'S MOTION TO SUPPRESS.
 IV. THE CUMULATIVE EFFECT OF ERRORS DURING THE TRIAL RESULTED IN THE APPELLANT BEING DENIED A FAIR TRIAL IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE UNITED STATES AND OHIO CONSTITUTIONS.
In December of 1999, Mary Nosis fell in her home, in Massillon, Ohio. Mrs. Nosis was 83 years old at the time. Her injuries required her to live in a nursing home until she recovered.
While Mrs. Nosis was in the nursing home, city health officials inspected the residence and determine that it was not habitable. Notices to vacate were posted on the residence. An attempt was made to secure the residence by boarding up the doors and windows, and placing a padlock on the front door. However, juveniles in the area pried open the board over the back door and began to steal items from the residence. Mrs. Nosis kept jewelry and large amounts of cash in the home.
Massillon police officers began to investigate. During the course of the investigation, Detective Hendricks learned that appellant had been in the residence with two juveniles. He also learned from a confidential informant that some of Mrs. Nosis' property was inside appellant's truck. Appellant's wife gave Hendricks consent to search the vehicle. Inside, Hendricks discovered a brown paper bag containing costume jewelry, U.S. and foreign currency, and a wallet containing Mrs. Nosis' identification card. Appellant was arrested and charged with breaking and entering, and receiving stolen property as a felony of the fifth degree.
Appellant filed a motion to suppress the results of a search of his truck, alleging that the search was conducted outside the police officer's territorial jurisdiction. The court overruled the motion to suppress without a hearing on the basis that it was not timely filed.
The case proceeded to jury trial in the Stark County Common Pleas Court. At trial, appellant testified that he did accompany the two juveniles to the residence on the date in question, but did not take anything from the residence. According to appellant, he went to the residence to obtain salvage rights from the victim. Appellant also testified that his step-daughter came to him and asked him to dispose of some items inside a paper bag. He claimed that he took the bag to the dumpster, but when he looked inside and discovered that it contained jewelry and money, he placed the bag into the back seat of his truck, where it remained until the police removed it pursuant to the search. However, appellant's step-daughter testified that while she did give appellant some items to dispose of, the recovered items were not the same items she had given to appellant.
Appellant was convicted as charged. He was sentenced to 11 months incarceration for breaking and entering, and six months incarceration for receiving stolen property, to be served consecutively.
 I
Appellant argues that the judgment convicting him on both counts is against the manifest weight and sufficiency of the evidence. This assignment of error is rendered moot by our disposition of assignment of error 3, and is overruled.
 II
Appellant argues that trial counsel was ineffective. This assignment of error is rendered moot by our disposition of Assignment of Error III.
The second assignment of error is overruled.
 III
Appellant argues that the court abused its discretion by summarily overruling the motion to suppress without conducting an evidentiary hearing.
Crim.R. 12 (C) provides that a pre-trial motion shall be made within 35 days after arraignment or 7 days before trial, whichever is earlier, but the court may extend the time for making pre-trial motions in the interest of justice.
Under the unusual factual scenario presented by the instant case, we find that the court abused its discretion in failing to hold an evidentiary hearing on the motion. Appellant was arrested on March 2, 2000, and indicted on April 17, 2000. However, the State did not provide appellant with notice of its intent to rely on items seized from a search of appellant's truck until Thursday, June 29, 2000. At this time, the State filed a supplemental response to discovery, which included a consent to search signed by Carolyn Dupler, and an inventory of items Detective Hendricks removed from the truck. When counsel filed the motion to suppress on July 7, 2000, counsel stated that he was out of the office from Friday, June 30, 2000, through Tuesday, July 4, 2000. This was certainly a reasonable time period to be out of the office, particularly as this was a holiday weekend. Counsel filed the motion two days after receiving the supplemental discovery response. Under this unique factual scenario, occasioned by the late discovery response of the State, the court abused its discretion in failing to conduct an evidentiary hearing on the motion.
The third assignment of error is sustained.
 IV
The fourth assignment of error is rendered moot by our reversal on Assignment of Error III.
The judgment of the Stark County Common Pleas Court is reversed. This case is remanded to that court with instructions to conduct an evidentiary hearing on the motion to suppress filed by appellant.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is reversed. This case is remanded to that court with instructions to conduct an evidentiary hearing on the motion to suppress filed by appellant.
 __________ Gwin, P.J.
Gwin, P.J., Farmer, J., and Wise, J., concur.